UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHAD M. WELLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:21 CV 73 CDP |
| OFFICER JASON LOCKE, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Chad M. Wells brings this action under 42 U.S.C. § 1983 alleging that defendants Officer Jason Locke and the City of Hannibal issued him a Notice of Violation & Citation for running a red light based only on his being the owner of the offending vehicle that the City's red-light camera system photographed. Wells claims that pursuant to City policy and custom, the Notice was issued without a finding of probable cause and, further, unlawfully required him to name the actual driver of the vehicle – who, he claims, was his stepdaughter – in order to avoid legal penalties. Wells contends that the City's policy of issuing a Notice without probable cause and its related custom that required him to "name names" violated his right to procedural due process. He seeks declaratory and injunctive relief as well as monetary damages under § 1983. He also brings a claim of malicious prosecution under Missouri state law. For the reasons that follow, I will

grant defendants' motion to dismiss and dismiss Wells' § 1983 claims with prejudice.  I decline to exercise supplemental jurisdiction over Wells' state law claim and will remand the claim to the Circuit Court of Marion County, Missouri, from which this case was removed.

## Background[1]

At all times relevant to this action, plaintiff Wells was a 43-year-old man who lived in Illinois with his girlfriend and her teenaged children.  He owned a 2005 Ford sedan.

On June 29, 2020, the City of Hannibal's automated traffic camera system photographed Wells' sedan running a red light in the City, with such photographic images depicting the location of the offense, the license plate of the vehicle, and the operator of the vehicle.  On July 17, 2020, Locke issued a Notice of Violation & Citation to Wells, which stated that based on the photographic and video images, "it is believed that you have violated the ordinance" of "failure to obey traffic control signal" on June 29, 2020.  The Notice stated that probable cause existed to believe that Wells violated the ordinance.  (ECF 14-3.)

The Notice indicated a hearing date of September 23, 2020, and advised of the right to trial or to waive trial and admit guilt.  The Notice also contained a section entitled "What if I am not the driver?" which stated in relevant part:

---

[1] The facts set out here are those alleged in the amended complaint, which I must assume are true for purposes of the motion to dismiss.

> If you contend that you are not the driver shown in the attached photographs, you must fill out the attached affidavit in full and return it in the enclosed envelope to the Hannibal Police Department . . . within 20 days of the date of this notice.  If you fail to return the affidavit, and fail to appear at the scheduled hearing date, other legal penalties prescribed by law may be imposed.  Please note that if you fail to fill the affidavit out in full and send it back within the time limits listed, the matter will not be removed from the trial docket, and if you further fail to appear at the scheduled hearing date, other legal penalties prescribed by law may be imposed. . . .

(ECF 14-3 at p. 2.)  The "Options Page" attached to the Notice contained three sections:  Option A – pleading guilty and waiving right to appear; Option B – completing a Nomination Affidavit attesting to the identity of the driver of the vehicle; and Option C – pleading not guilty and requesting a trial.  (*Id.* at p. 3.)

After several continuances, the municipal court held a hearing on the citation by videoconference at which Wells appeared without counsel.  Wells told the City prosecutor that he thought the red-light camera program was unconstitutional and that the photo of the operator of the vehicle showed that Wells was not the driver.[2]  The judge encouraged the parties to negotiate, and he continued the hearing.  During a later attempt to meet with the City prosecutor, Wells was told by an office employee that the prosecutor would not talk with him unless he named the actual driver.  Wells informed the municipal court of this encounter, after which the judge set the matter for trial in April 2021.

---

[2] Wells contends in his amended complaint that the photo shows the operator to "obviously" be a young female and not a 43-year-old man.

- 3 -

Prior to trial, Wells retained counsel and filed a motion to dismiss, asserting his Fifth Amendment privilege against "naming names" and arguing Fourteenth Amendment procedural due process violations regarding the requirement of naming names or facing a fine.  On April 22, 2021, the date of trial, Wells met with the City prosecutor before entering the courtroom, at which time the prosecutor compared the red-light photo with Wells' driver's license.  Upon entering the courtroom, the prosecutor dismissed the charge against Wells.

On April 26, 2021, Locke issued a Notice of Violation & Citation to Wells' 16-year-old stepdaughter.  Based on the same photographic images that provided the basis for the July 2020 Notice issued to Wells, the Notice to the stepdaughter stated that "it is believed that you have violated the ordinance" of "failure to obey traffic control signal" on June 29, 2020.  (ECF 14-9.)  The stepdaughter pleaded guilty to an amended charge.

Wells contends that because four camera-monitored intersections in the City are on a route that he and his family must sometimes travel, he fears being cited again for a red-light violation merely because he is the owner of the vehicle and may face a charge of interfering with a police investigation if he refuses to identify the actual driver of the vehicle.

Wells originally filed this action on October 18, 2021, in the Circuit Court of Marion County, Missouri.  After defendants removed the case to this Court, Wells

filed an amended complaint on January 17, 2022, asserting four grounds for relief. In Count I, Wells seeks a declaratory judgment against the City declaring that the City's red-light camera enforcement policy and its custom requiring the accused to "name names" to escape liability are unconstitutional because they:  1) violate the Fifth Amendment privilege against self-incrimination, 2) violate procedural due process under the Fourteenth Amendment because citations are issued without probable cause and under threat of fine for noncompliance, and 3) coerce the accused vehicle owner to name names in order to avoid trial on a charge that lacks probable cause.  In Count II, Wells seeks injunctive relief enjoining the City from enforcing the policy and custom.  In Count III, Wells seeks monetary relief against Locke and the City for procedural due process violations, and specifically for issuing the citation and proceeding with prosecution without probable cause and using coercive tactics to obtain the name of the operator.  In Count IV, Wells seeks money damages from Locke and the City under Missouri state law for malicious prosecution.

     Defendants now move to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.  Defendants argue first that Wells lacks standing to seek declaratory and/or injunctive relief and, moreover, is barred from seeking such equitable relief because he has an adequate remedy at law.  Defendants also contend that Count III of the amended complaint fails to state a claim of procedural

due process.  Finally, the City argues that it is entitled to sovereign immunity on Wells' state law claim of malicious prosecution raised in Count IV.[3]

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint.  When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint are true and construe them in plaintiff's favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  It must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678.  It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim.  *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

As noted above, defendants contend that Wells lacks standing to bring Counts I and II for declaratory and injunctive relief.  Because standing is required

---

[3] Defendant Locke does not move to dismiss Count IV and has filed a separate answer to that count of the amended complaint.

for this Court to exercise subject-matter jurisdiction over a claim, defendants' argument based on standing is more properly brought under Rule 12(b)(1) and not Rule 12(b)(6). *Nationwide Mut. Ins. Co. v. Harris Med. Assocs., LLC*, No. 4:13-CV-7 CAS, 2013 WL 5532691, at *3 (E.D. Mo. Oct. 7, 2013) (internal quotation marks and citations omitted). "[T]he claims of a party that lacks standing are properly dismissed under Rule 12(b)(1)." *Id.*

## Discussion

Counts I and II – Standing

Wells seeks declaratory and injunctive relief based on a single Notice of Violation & Citation issued to him in July 2020 that was resolved in his favor in 2021. He claims that he has standing to challenge the constitutionality of the City's red-light policy upon which the Notice was based and the related custom to name names, and also to seek equitable prospective relief, because he and/or a family member while operating his vehicle might someday in the future traverse through a camera-monitored intersection in the City,[4] thereby subjecting him to another Notice issued without probable cause if the operator of his vehicle runs a red light at such an intersection.

For Article III standing, a plaintiff must show: (1) that he suffered an "injury in fact"; (2) that a causal relationship exists between the injury and the

---

[4] Wells avers in his amended complaint that there are four monitored intersections in the City.

challenged conduct; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). A plaintiff "seeking prospective relief based on past actions must show 'a real and immediate threat that [he] would again suffer similar injury in the future.'" *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 896 (8th Cir. 2020) (quoting *Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005)). "Speculative future harm does not establish a real and immediate threat of injury and is insufficient to confer standing." *Id.* (citing *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019)). Accordingly, Wells must demonstrate that "the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 414 n.5 (2013)). "'Allegations of *possible* future injury' are not sufficient." *Clapper*, 568 U.S. at 409 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)) (emphasis in *Clapper*).

Wells' speculation that at some unknown time in the future a family member might run a red light at one of four camera-monitored intersections in the City of Hannibal while operating his vehicle is insufficient to show a real and immediate

threat of repeat injury.  *See Sanzone v. Mercy Health*, 499 F. Supp. 3d 627, 632 (E.D. Mo. 2020) (no substantial risk of future harm given hypothetical contingencies that must be met in order for harm to occur).  Standing cannot be based on a "highly attenuated chain of possibilities."  *Clapper*, 568 U.S. at 410 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009); *Whitmore*, 495 U.S. at 157-60).  *See also Arpaio v. Obama*, 797 F.3d 11, 21 (D.C. Cir. 2015) ("When considering any chain of allegations for standing purposes, we may reject as overly speculative those links which are predictions of future events[.]").  In neither the complaint filed in October 2021 nor the amended complaint filed in January 2022 does Wells allege that he has been subjected to the same conduct that occurred in July 2020, that is, being issued a Notice of a red-light violation without probable cause for a family member's offense that required him to identify the family member.  Nor does he allege any facts showing that such conduct toward him is imminent.  The facts alleged do not give rise to a real and immediate threat that Wells will again suffer similar injury in the future from the City's red-light policy of issuing citations to vehicle owners and its alleged related custom of requiring that vehicle owners identify the actual operator of the vehicle.

Accordingly, the speculative future action alleged in Wells' amended complaint is not enough to confer standing on him to challenge the constitutionality of the City's policy and custom or to seek prospective injunctive

relief.  *Mitchell*, 959 F.3d at 896-97.  This Court therefore does not have subject-matter jurisdiction over the claims raised in Counts I and II of Wells' amended complaint, and they will be dismissed.

Count III – Failure to State a Claim

To state a claim for a violation of procedural due process, a plaintiff must allege that defendants deprived him of a protectible liberty or property interest without providing adequate procedural safeguards.  *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976).  "The Due Process Clause requires that the person whose rights are being interfered with receives notice and has an opportunity to be heard at a meaningful time and in a meaningful manner."  *Mitchell*, 959 F.3d at 897 (internal quotation marks and citation omitted).  In short, procedural due process requires that parties have "a meaningful opportunity to present their case."  *Mathews*, 424 U.S. at 349.

Here, Wells claims that the defendants cited him for an ordinance violation without probable cause, but his amended complaint does not allege that this conduct deprived him of a protectable liberty or property interest.  The Due Process Clause is not the proper route to challenge a prosecution that lacks probable cause.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Roeder v. City of St. Peters*, No. 4:16CV16 RWS, 2016 WL 4379333, at *5 (E.D. Mo. Aug. 17, 2016).  Although Wells asserts that Locke's failure to check Well's driver's license photo

and compare it with the red-light photo before issuing the Notice showed his investigation to be either nonexistent or reckless, mere negligent failure to investigate does not violate substantive due process.  *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (citing *Wilson v. Lawrence Cty., Mo.*, 260 F.3d 946, 955 (8th Cir. 2001).  Nor does Wells allege facts demonstrating that the methods defendants used in the investigation would shock the conscious, such as purposefully ignoring evidence, manufacturing false evidence, wrongfully pinning serious wrongdoing on an innocent person, or using pressure to implicate Wells in the offense.  *See id.* at 833, 835; *Roeder*, 2016 WL 4379333, at *5.  Wells' failure to plead a violation of substantive due process requires me to dismiss his claim that defendants conducted a reckless investigation.  *See Amrine*, 522 F.3d at 830, 835.[5]

Nor does the amended complaint allege that Wells was denied a meaningful opportunity to present his case or that any procedural safeguards were lacking. The amended complaint concedes that Wells had notice of the alleged violation and the evidence relied on, had notice of hearings on the violation, and attended hearings that were overseen by a neutral judicial officer.  And in the end, Wells

---

[5] In response to the instant motion to dismiss, Wells contends that his substantive due process right to familial relationships was implicated because the issuance of the Notice that required him to name names in order to avoid legal liability jeopardized his relationship with his stepdaughter.  Notably, Wells did not assert this claim in his amended complaint, despite defendants' having earlier raised an argument that Wells' original complaint failed to allege or identify the deprivation of a substantive due process right.  Because Wells had an opportunity to raise this substantive due process claim in his amended complaint but did not do so, I will not now address this newly asserted basis for relief.  *See WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 993 (8th Cir. 2018).

prevailed and the violation was dismissed.  As there are no allegations of any omission of procedural safeguards, Wells has failed to state a claim that he was denied procedural due process.

Finally, Wells' allegation that the City's requirement that he "name names" in order to avoid legal penalties – either by the Notice's attached Nomination Affidavit or by prosecutorial practice – likewise fails to state a claim that he was deprived of procedural due process.  Fatal to Wells' claim regarding the Notice itself is the fact that it did not include such a requirement.  Instead, it provided three *options* to Wells – only one involved the completion of a Nomination Affidavit identifying the operator of the vehicle.  And Wells does not allege that he completed the Nomination Affidavit, identified the operator of the vehicle to the prosecutor, or was penalized or threatened for failing to do so.  Indeed, despite not acceding to this purported requirement that he complete the Nomination Affidavit or otherwise identify the operator, Wells was successful in obtaining a dismissal of the citation through the process provided and without legal penalty.

Accordingly, Count III fails to state a claim that Wells was deprived of procedural due process, and it will be dismissed.

Count IV – Supplemental Jurisdiction

In Count IV of his amended complaint, Wells brings a claim of malicious prosecution under Missouri state law against both defendants.  Because I will

dismiss all claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over this state law claim and will remand the claim to the Circuit Court of Marion County, Missouri, from which this case was removed.  28 U.S.C. § 1367(c)(3).  The City's motion to dismiss Count IV of the amended complaint is reserved for ruling by the state court.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [23] is **GRANTED** as to Counts I, II, and III of plaintiff's amended complaint; and Counts I, II, and III are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Amended Motion for Preliminary and Permanent Injunction and Declaratory Judgment [16] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's remaining state law claim of malicious prosecution raised in Count IV of the amended complaint is **REMANDED** to the Circuit Court of Marion County, Missouri, from which this case was removed.  The City of Hannibal's motion to dismiss directed to Count IV of the amended complaint is reserved for ruling by that court.

A separate Order of Dismissal and Remand is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2022.